IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:20-CV-363-M

| | |
|---|---|
| JACOB QUEERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Before the Court are Plaintiff's "Motion for Expedited Consideration Pursuant to 28 U.S.C. § 1657" [DE 19] and "Motion [pursuant to] 28 U.S.C. § 1915(e)(1), 5 U.S.C. § 504, 28 U.S.C. § 2412" [DE 20]. For the following reasons, the motion to expedite is denied and the motion for appointment of counsel and for an award of fees and costs is denied without prejudice.

First, Plaintiff seeks expedited consideration of the merits of his claims, which he identifies as violations of his due process rights under the Fifth and Fourteenth Amendments (claims 1 and 2); retaliation in violation of the First Amendment (claim 3); an unreasonable search and seizure in violation of the Fourth Amendment (claim 4); and violation of his "right to access" under the Fourteenth Amendment (claim 5). Notably, except for a brief citation to the Fourth Amendment, the operative Complaint mentions neither a constitutional violation nor 42 U.S.C. § 1983. *See* DE 10. In any case, the Court finds no justification for expedited consideration of the merits of Plaintiff's claims at this stage; the docket reflects that the case is still in initial screening, a recommendation is pending concerning the viability (in part) of Plaintiff's complaint, and the Defendant has not yet appeared. Thus, Plaintiff's request is unjustified, and the motion is denied.

Next, Plaintiff asks that the Court appoint counsel to represent him. Under 28 U.S.C. § 1915(e)(1), the Court may appoint an attorney for a plaintiff who cannot afford counsel; however, "a plaintiff does not have an absolute right to appointment of counsel" in civil matters. *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). "[T]he *in forma pauperis* statute merely authorizes a court to 'request' that an attorney represent a plaintiff." *Matherly v. Johns*, No. 5:11-CT-3020-BR, 2012 WL 4447590, at *3 (E.D.N.C. Sept. 25, 2012) (citing 28 U.S.C. § 1915(e)(1)). A court cannot force an attorney to accept an appointment under the statute, and the court has no authority to commit financial resources to appointed counsel in a civil case. *Id.* (citing *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989)).

The Fourth Circuit has held that a litigant requesting appointment of pro bono counsel "must show that his case is one with exceptional circumstances." *Emrit v. Am. Commc'ns Network, Inc.*, No. 1:13CV776, 2013 WL 5655459, at *2 (M.D.N.C. Oct. 15, 2013) (quoting *Miller*, 814 F.2d at 966). That is, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.* (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978)). In this case, the Court cannot determine whether Plaintiff has a colorable claim at this early stage of the litigation before the Defendant has had an opportunity to answer or otherwise respond to the Complaint. Accordingly, the Plaintiff's request for appointment of counsel is premature and denied without prejudice.

Finally, the Plaintiff asks for an award of fees and costs. Plaintiff's request appears to mirror his request for relief in the operative Complaint. Again, the Court will not make determinations as to the merits of the Plaintiff's claims until the litigation has progressed to a stage at which the claims are at issue, the discovery process has completed, and all applicable federal

2

and local rules have been followed. The Court will deny the Plaintiff's motion without prejudice as premature.

THEREFORE, the Plaintiff's "Motion for Expedited Consideration Pursuant to 28 U.S.C. § 1657" [DE 19] is DENIED and the "Motion [pursuant to] 28 U.S.C. § 1915(e)(1), 5 U.S.C. § 504, 28 U.S.C. § 2412" [DE 20] is DENIED WITHOUT PREJUDICE as premature.

SO ORDERED this 17th day of December, 2020.

*Richard E Myers II*

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE