IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No: 5:20-CV-00363-M

| | |
|---|---|
| JACOB QUEERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

Before the Court is a Memorandum and Recommendation ("M&R") issued by Magistrate Judge Robert T. Numbers, II on October 19, 2020 (DE 9) and an objection to the M&R filed by Plaintiff (DE 11).

In the M&R, Judge Numbers identified Plaintiff's claims as (1) a bid protest claim pursuant to 28 U.S.C. § 1491 and (2) a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* DE 9 at 3. He recommends that this court permit the FOIA claim to proceed and dismiss the bid protest claim for the court's lack of jurisdiction. *Id.*

Plaintiff objects to the M&R, asserting that Judge Numbers "did not" (1) liberally construe other causes of action from the facts alleged; (2) address the Plaintiff's references in the Complaint to "41 U.S.C. 4712," "2:19-cv-00485-RBS-LRL, document 21," and "U.S. Const. Amend. IV" to determine whether Plaintiff states viable causes of action; and (3) apply the standard under Fed. R. Civ. P. 12(b)(6) to Plaintiff's allegations. In addition, Plaintiff contends that Judge Numbers "did" (4) "mischaracterize" the Complaint as alleging a bid protest (or "contract-related") claim; (5) omit consideration of the Plaintiff's "Notice of (Un)Related Cases"; and (6) improperly limit the FOIA claim to "documents under DLA-HQ-2018-005403."

For a district court's evaluation of a dispositive recommendation by a magistrate judge, the Fourth Circuit instructs:

> The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made. By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks, brackets, emphases, and citations omitted); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

This court has reviewed the M&R, the operative Complaint, and Plaintiff's Objection. Regarding the portion of the M&R to which plaintiff does not object—i.e., to permit the FOIA claim regarding DLA-HQ-2018-005403 to proceed—the court is satisfied that there is no clear error on the face of the record. Accordingly, that portion of the M&R is accepted.

With respect to the matters to which Plaintiff objects, the court reviews them de novo. The court will address Plaintiff's first and second objections together. He cites the Fourth Circuit's opinion in *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) for support of his argument that Judge Numbers failed to liberally construe his allegations to support potential constitutional or other tort claims. The operative Complaint consists of twelve pages drafted by Plaintiff and another twenty-three pages of attachments, most (if not all) of which pertain to Plaintiff's FOIA claims. Under the heading "The acts complained of in this suit concern:" Plaintiff starts with number "0" and provides what appears to be a "background" for the allegations that follow.[1] Compl. at 4. Sections 1 through 4 on pages 5-9 of the Complaint contain allegations in support of

---

[1] As explained below, the court would not have come to this conclusion without the Plaintiff's objection to the inference of a bid protest claim from these allegations.

Plaintiff's FOIA claims. Section 5 on page 10 appears to contain allegations in support of a claim under the National Defense Authorization Act, 41 U.S.C. § 4712 ("NDAA"), which Plaintiff cites on page 2. These make up the total of Plaintiff's factual allegations from which the court may construe his claims for relief. The court finds the operative Complaint contains insufficient allegations by which a court may infer—even liberally—any constitutional violation or other tort claim.

First, tort claims against the United States are governed by the Federal Tort Claims Act, which requires, *inter alia*, that a plaintiff exhaust administrative remedies before filing a claim. There is no indication in the Complaint or other filings by Plaintiff that he has exhausted such remedies. Second, Plaintiff's request for relief on page 11 of the Complaint seeks three forms of "relief": (1) service of process and a pretrial hearing; (2) appointment of counsel; and (3) "fees and costs pursuant to 28 U.S.C. § 2412(c)(2), 28 U.S.C. § 2412(d)(1)(D), 5 U.S.C. § 552(a)(4)(E)." Compl., DE 10. Plaintiff does not seek monetary damages or declaratory or injunctive relief, which are typically awarded for violations of constitutional rights and/or other torts,[2] and the relief requested in the Complaint is not obtained by succeeding on a constitutional or other tort claim.

Further, the Plaintiff, who is no stranger to litigating in federal court, lists only the FOIA and the NDAA as sources of this court's jurisdiction. Compl. at 2. Finally, Plaintiff cites the "U.S. Const Amend IV" on page 2 of the Complaint under his citations to *Gordon* and another case in

---

[2] However, constitutional claims seeking damages against the United States are limited; in fact, the Supreme Court has recognized a damages claim for an alleged constitutional violation in only three instances: (1) *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Fourth Amendment violation of prohibition against unreasonable searches and seizures); (2) *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment violation for gender discrimination); and (3) *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment violation for failure to treat medical condition). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855, 198 L. Ed. 2d 290 (2017) ("These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.").

3

another district (in which he is apparently a party), but Plaintiff makes no other mention of any Fourth Amendment violation, such as an improper search or seizure by federal officials of his person or property, in the text of the Complaint. In his Objection, Plaintiff contends, "[a]t a minimum, it is not possible that the FBI's action did not constitute a violation of the Plaintiff's 4th Amendment protections against unreasonable search and seizure for the material purpose of preventing the Plaintiff from having a proof of delivery that the evidence provided by Plaintiff was – in fact – received by the FBI, Norfolk, Special Agent in Charge (SAC)." Obj., DE 11 at 2. The Plaintiff has cited, and the court has found, no legal support for his contention that a federal agency's failure to provide proof that it received evidence voluntarily submitted by an individual constitutes a Fourth Amendment violation of the individual's rights against unreasonable search or seizure.

Moreover, to the extent that Plaintiff argues the court must liberally infer potential claims based on his mere reference to another case in another district, or to any document(s) filed in such case, he is mistaken; the court is not "obligat[ed] to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented." *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Walker v. Prince George's Cty., MD*, 575 F.3d 426, 429 n.* (4th Cir. 2009), *quoting with approval United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Curry v. Thomas Built Bus Inc.*, No. 1:15-CV-992, 2017 WL 5635453, at *1 (M.D.N.C. Mar. 3, 2017), *aff'd*, 694 F. App'x 134 (4th Cir. 2017) ("While courts give pro se litigants some leeway, they do not and should not act as an advocate for the pro se litigant. ***Nor are courts required to scour the record for evidence to support a litigant's claim.***") (emphasis added). For these reasons, the court overrules Plaintiff's first and second objections.

Plaintiff's third objection is to the magistrate judge's "failure" to apply the correct Rule 12(b)(6) standard, as set forth in *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003): "A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Plaintiff is incorrect for two reasons; first, the standard set forth in *De'Lonta* has been invalidated by the Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Second, Judge Numbers did not apply a Rule 12(b)(6) standard for his recommendation to dismiss the contract-related claim; Judge Numbers recommends that (any) contract-related claim be dismissed for the court's lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). M&R at 3. The court overrules this objection.

For his fourth objection, Plaintiff asserts that Judge Numbers engaged in a "willfull[] mischaracteriz[ation]" and "fabricat[ation]" by construing Plaintiff's allegations to state a bid protest claim. The court strongly disagrees with Plaintiff's choice of terms and reminds the Plaintiff of his obligation as a litigant in this court to conduct himself with decorum and to show respect to all judicial officers[3] and his opponents over the course of this litigation. As to whether Judge Numbers erred in inferring a bid protest claim, the court finds such inference to be justified by the lack of clarity in Plaintiff's allegations set forth in Section 0 and a judicial attempt to liberally construe the claim:

> 0. The collective wrongdoing herein dates back to September 7, 2017 when the counsels for the Defense Logistics Agency (DLA), Small Business Administration (SBA), and Government Accountability Office (GAO) (AGENCY COUNSELS)

---

[3] This includes refraining from empty accusations and addressing all judicial officers with "Judge" rather than "Mr." or "Ms." *See* Objection, DE 11 at 5-7.

5

> cooperatively subverted 15 U.S.C. § 637(b)(6) and the Competition in Contracting Act of 1984 codified under 31 U.S.C. §§ 3551-3556 to conceal the DLA's failures to adhere to the Federal Acquisition Regulations (FAR) concerning HUBZone set-aside procurements when the a. Plaintiff's HUBZone Certified Company made offers under HUBZone set-aside solicitations and b. The Plaintiff subsequently protested the erroneous award corresponding to the HUBZone set-aside solicitation. Conversations between DLA Contracting Officers and the Plaintiff indicate that those failures initially stemmed from the Plaintiff's company having been erroneously flagged by the DLA as a "Foreign Bad Actor" engaged in a cyber-attack against DLA procurement.

Compl. at 4. There is no doubt that Plaintiff references circumstances surrounding a "bid" and a "protest" consistent with claims under 28 U.S.C. § 1491. However, Plaintiff does not reference § 1491 or other statute in the Complaint (as he does for his other claims) and objects that he does not intend to state such claim but, rather, brings claims under both the FOIA and the NDAA. The court sustains this objection.

Plaintiff's fifth objection asserts Judge Numbers' purported "failure" to consider Plaintiff's "Notice of (Un)Related Cases Pursuant to Local Rule 40.3(b)." *See* DE 1-3. First, the local rule does not contemplate such notice and, thus, the notice is unsupported and improperly filed. Second, even assuming Judge Numbers did not "consider" the notice, Plaintiff points to, and the court can find, nothing in the document that Judge Numbers missed or should have considered in preparing his recommendation. The notice lists three pending cases, in which Plaintiff is apparently a party, and purports to distinguish those cases from the instant action. *See id.* Judge Numbers did not (as Plaintiff predicts the court will do) conclude that the Plaintiff, through this case, "seek[s] a redress of case 2:19-cv-00485-RBS-LRL in the wrong venue." Obj. at 7. The court overrules this objection.

Finally, Plaintiff objects that Judge Numbers improperly limited the FOIA claims to one seeking "documents under DLA-HQ-2018-005403." M&R at 3. The court agrees in part; Plaintiff's allegations assert the government's "improper withholding of documents" and other

6

Case 5:20-cv-00363-M    Document 23    Filed 03/03/21    Page 6 of 9

misconduct with respect to the following FOIA requests: DLA-LANDM-2018-004885, SBA-2018-000862, DLA-HQ-2018-005403, and FOIA appeal DLA-HQ-2020-001445. Compl. at 5-9. In his objection, Plaintiff lists a number of additional requests for which he claims documents have been improperly withheld, but most of them are not included in the Complaint; if Plaintiff desires to amend his Complaint to include additional FOIA requests, he may file a motion pursuant to Fed. R. Civ. P. 15. *See Twombly*, 550 U.S. at 555 ("Under Rule 8(a), a pleading must . . . give the defendant fair notice of what the claim is and the grounds upon which it rests."). The court sustains in part and overrules in part Plaintiff's sixth objection.

Having determined that the Plaintiff seeks to allege a claim pursuant to the NDAA, the court must examine the Complaint to determine whether Plaintiff states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). In the Complaint, Plaintiff cites 41 U.S.C. § 4712(c)(2), which provides a private cause of action under the following circumstances:

> (a) Prohibition of reprisals.—
>
> (1) In general.--An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

41 U.S.C. § 4712(a). Plaintiff's allegations in support of this claim are found in Section 5 of the Complaint:

> 5. The DLA and the Small Business Administration's (SBA) cooperative (the first HUBZone status protest ever filed by the DLA against any HUBZone Certified Small Business Concern) reprisal against the company owned by the Plaintiff initiated one business day after the Plaintiff sought help from a government agency from the 2nd Congressional Office of Virginia (VA-02). To conceal the government's malice harmful to the Plaintiff, the DLA Director of Acquisitions

7

would - for the second time - willfully misrepresent fact in response to Congressional inquiry on April 16, 2019.

Compl. at 10. These allegations fail to identify (1) whether Plaintiff was an employee of the SBA or other federal agency; (2) the "information" Plaintiff disclosed that he "reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant"; and (3) the harm Plaintiff suffered by the disclosure of such information.[4] The court finds the allegations, as currently pled, insufficient to state a claim for retaliation under § 4712.

THEREFORE, the court sustains in part and overrules in part Plaintiff's objections to the M&R; finds the Complaint states FOIA claims as to the FOIA requests stated therein; and fails to state a NDAA retaliation claim. Because it is possible that Plaintiff may allege facts supporting additional FOIA claims and/or a NDAA retaliation claim, the court will permit Plaintiff to file an Amended Complaint asserting these (and his original FOIA) claims on or before March 31, 2021. If Plaintiff fails to comply with this deadline, the court will proceed in the action on the Plaintiff's original FOIA claims as stated in the operative Complaint.

The M&R is respectfully ACCEPTED IN PART AND REJECTED IN PART as set forth

---

[4] Again, to the extent the Plaintiff believes his mere citation to a separate case in a separate district and/or to any document filed therein is sufficient to support his claims, he is incorrect. *See Walker*, 575 F.3d at 429 n.\*; *Curry*, 2017 WL 5635453, at \*1.

herein, and the Plaintiff's purported NDAA claim is DISMISSED WITHOUT PREJUDICE.

SO ORDERED this __3d__ day of March, 2021.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE