IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No: 5:20-CV-00363-M

| | |
|---|---|
| JACOB QUEERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

Before the court are the following documents filed by the Plaintiff on March 31, 2021[1]: (1) Motion for Expedited Consideration Pursuant to 28 U.S.C. § 1657; (2) Motion to Join as Defendants in Their Individual Capacit[ies] (from VA-02) Fed. R. Civ. P. 17; (3) Motion for Amended or Additional Findings Fed. R. Civ. P. 52(b), 59(e); and (4) a proposed Amended Complaint. Three pages after the last page of the Amended Complaint[2] is a "Certification and Closing" in which the Plaintiff states:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and ( 4) the complaint otherwise complies with the requirements of Rule 11.

---

[1] The case docket reflects that the documents were filed on April 6, 2021; however, the Plaintiff apparently informed the Clerk of this Court that he filed the documents "on or around March 31, 2021." The court will assume for purposes of this order that Plaintiff filed the documents on March 31, 2021, within the time allotted by this court's March 3, 2021 order.

[2] Plaintiff numbered the pages of all documents he prepared and filed on March 31, 2021; the Amended Complaint is found on pages 57-67, a certificate demonstrating service of all documents (as listed in the table of contents and marked pages 3-74) is set forth on pages 68-69, and the Certification and Closing is found on page 70.

ECF 29 at 3 (emphasis added). Following this paragraph is the Plaintiff's signature, his printed name and title, and his contact information. *Id.*

Rule 11(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[e]very pleading, <u>written motion</u>, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a) (emphasis added). Plaintiff's certification makes clear that he signed the Amended Complaint in accordance with Rule 11. However, in contravention of the rule, Plaintiff has signed none of the above-listed motions. Accordingly, the motions (DE 25, 26, 27) are DENIED WITHOUT PREJUDICE.

With respect to the Amended Complaint, the court notes that it had granted the Plaintiff leave to file an amended pleading as follows: "Because it is possible that Plaintiff may allege facts supporting additional FOIA claims and/or a NDAA retaliation claim, the court will permit Plaintiff to file an Amended Complaint asserting these (and his original FOIA) claims on or before March 31, 2021." Order, DE 23. The amended pleading filed here does not appear to comply with this order.

True, the current posture of this case allows Plaintiff to file an amended pleading once as a matter of course without the court's leave. *See* Fed. R. Civ. P. 15(a). But, the court reminds the Plaintiff that Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In addition, an amended pleading supersedes the prior original pleading and renders it of no legal effect; moreover, a party may not incorporate by mere (or general) reference any portion of the original (or prior) pleading into the amended pleading. *See In re Lowe's Companies, Inc. Fair Lab. Standards Act & Wage & Hour Litig.*, -- F.3d --, 2021 WL 374976, at

2

*17 (W.D.N.C. Feb. 3, 2021) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)) ("Unless an amended complaint *specifically* refers to and adopts or incorporates by reference the earlier pleadings, the amended complaint supersedes an original complaint and renders the original complaint without legal effect.") (emphasis added); *see also Ghazzaoui v. Anne Arundel Cty., Md.*, No. CIV.A. ELH-14-1410, 2014 WL 3973037, at *4 (D. Md. Aug. 11, 2014) (quoting *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007)) ("Although there is no prescribed procedure for referring to incorporated matter, *the references to prior allegations must be direct and explicit*, in order to enable the responding party to ascertain the nature and extent of the incorporation.") (internal quotation marks omitted) (emphasis added).

The court will permit the Plaintiff to file a Second Amended Complaint, if he so chooses, on or before April 23, 2021. If Plaintiff fails to comply with this deadline, the court will proceed in the action on the Plaintiff's Amended Complaint (DE 28).

SO ORDERED this 9th day of April, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 5:20-cv-00363-M   Document 30   Filed 04/09/21   Page 3 of 3