IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No: 5:20-CV-00363-M

| | |
|---|---|
| JACOB QUEERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

These matters are before the court on the Plaintiff's "Re DE 30 Motion for Expedited Consideration Pursuant to 28 U.S.C. § 1657" filed April 16, 2021 [DE 31] and "Corrected Re DE 23 Motion for Expedited Consideration Pursuant to 28 U.S.C. § 1657" filed April 16, 2021 [DE 32]. Contained within each document are multiple motions. On April 9, 2021, the court denied several motions Plaintiff filed with an Amended Complaint and "permit[ted] the Plaintiff to file a Second Amended Complaint, if he so chooses, on or before April 23, 2021." Order, DE 30. Plaintiff did not do so; thus, the Amended Complaint [DE 28] is the operative pleading in this case.

With respect to the pending motions, the court finds first that Plaintiff improperly "instructs" the Clerk of the Court how to file his "pleadings."[1] As with all filings, the Clerk follows the procedures set forth by the local and federal rules and practices of this court.

Second, the court notes Plaintiff's repeated comments addressed to the court in a sarcastic and/or disrespectful manner.[2] The court has already reminded the Plaintiff of his obligation as a litigant to conduct himself with decorum and to show respect to all judicial officers and his

---

[1] A "pleading" is defined in Rule 7(a) of the Federal Rules of Civil Procedure.
[2] *See, e.g.,* DE 31 at 13; DE 31 at 46; DE 32 at 23; DE 32 at 43.

opponents over the course of this litigation (Order, DE 23). Plaintiff is admonished here that any future filing containing such comments may be stricken or denied without further notice.

Third, Plaintiff is instructed that he may no longer file single documents containing multiple motions; these documents are voluminous and burdensome and, despite Plaintiff's expressed "instructions," can be confusing and time-consuming in ascertaining the request(s) for relief. In the interests of judicial economy and efficiency, and pursuant to the court's inherent authority to manage its docket, the court orders that Plaintiff file any future requests for relief in the form of a single motion for each request in accordance with Rule 11 of the Federal Rules of Civil Procedure and all applicable federal and local court rules.

With respect to Plaintiff's present filings, 28 U.S.C. § 1657 requires that federal courts determine the order in which civil actions are heard and determined, "except that the court shall expedite the consideration of . . . any other action if good cause therefor is shown." 28 U.S.C. § 1657(a). Good cause is shown under the statute if a constitutional or statutory right "would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Here, Plaintiff refers generally to documents filed in a case out of the Eastern District of Virginia[3] and makes conclusory statements as to the conduct of the "DLA FOIA Office" and "DLA Contracting Activity" by reciting the elements necessary to prove statutory and/or constitutional violations. *See* DE 31 at 7-8; *see also* DE 32 at 6. The court finds Plaintiff fails to demonstrate good cause for expedited consideration of his requests.

With respect to the motions contained in Plaintiff's filing at DE 31, Plaintiff first seeks relief under "Fed. R. Civ. P. 52(b) and 59(e)"[4] in the form of an order striking his filings at DE 25-

---

[3] The court has already admonished Plaintiff against the mere reference to documents filed in another case in another district. Order, DE 23.
[4] As set forth below, Plaintiff relies on rules that do not provide him the relief he seeks.

2

29 and accepting the filing at DE 32 in place of those filings. DE 31 at 10-14. Plaintiff's sole justification for such request is set forth in an affidavit by an individual who avers that she filed the documents in DE 25-29 with the court on March 31, 2021. *See id.* The court denies Plaintiff's request as unnecessary for the following reasons: (1) the court accepted all documents located at DE 25-29 as timely filed on March 31, 2021; and (2) the motions filed at DE 25-27 were denied without prejudice for failure to comply with Rule 11 and, thus, the Plaintiff was free to re-file the motions in compliance with the rule. Order, DE 30. There is no need to strike any of the documents requested by Plaintiff. In addition, the court finds Plaintiff fails to demonstrate how the "declaration" requested on pp. 15-16 would serve as a proper remedy for his request. Therefore, Plaintiff's motion pursuant to Fed. R. Civ. P. 52(b) and 59(e) is denied.

Next, Plaintiff seeks "joinder" of the following plaintiffs pursuant to "Fed. R. Civ. P. 18," which the court construes as a request for permissive joinder under Fed. R. Civ. P. 20: "members of the press having suffered violations of their first amendment right of access"; "James Madison's construction of seperation [sic] of power/checks and balances under Federalist 51"; and "American Express National Bank." DE 31 at 17-24. Rule 20 permits joinder of plaintiffs in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Here, Plaintiff fails to explain or demonstrate how any of the proposed plaintiffs have rights to relief with respect to this action. *See* Am. Compl., DE 28. Accordingly, Plaintiff's motion is denied.

Plaintiff also seeks joinder of the following Defendants: "USDC-EDNC Clerks Peter Moore, Kimberly Waddell, and Judith Bernard" and "unknown Defendants in their Individual Capacities from DoDIG." DE 31 at 25-30. Pursuant to Rule 20, defendants may be joined in one

3

action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Again, the court finds Plaintiff fails to explain or demonstrate how these proposed defendants have any claims against them or common questions of law or fact that arise out of this action. Plaintiff's motion in this respect is denied without prejudice, as the Plaintiff may, if he chooses, seek to amend the operative pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure to bring claims and assert allegations against any purported defendants.

Finally, Plaintiff moves for "discovery" pursuant to "Fed. R. Civ. P. 26(b); 34." DE 31 at 31-37. Plaintiff seeks various forms of information from the defendants listed in his motion for joinder. As that motion was denied, the present motion is denied as moot.

With respect to the motions contained in Plaintiff's filing at DE 32, Plaintiff first seeks to join as defendants David Wickersham and Elaine Luria in their individual capacities. DE 32 at 7-18. Unlike the motion filed in DE 31, Plaintiff here describes the legal claims and underlying allegations against these proposed defendants. However, the court finds Plaintiff's description does not demonstrate that common questions of law or fact regarding these individuals may arise out of this action. *See* Fed. R. Civ. P. 20(a)(2). Rather, such claims and allegations must be set forth in a pleading and, thus, the court construes Plaintiff's motion as a request to amend the Amended Complaint to add the claims and allegations against David Wickersham and Elaine Luria in their individual capacities. In the interest of justice at this early stage of the litigation, the court will grant Plaintiff's motion as follows: Plaintiff shall file a Second Amended Complaint including the claims and allegations set forth in the Amended Complaint, as well as the claims and allegations against individual Defendants Wickersham and Luria, on or before September 10, 2021.

4

*See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) ("Ordinarily, an amended complaint supersedes those that came before it.").

Next, Plaintiff moves for "amended or additional findings" under Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. DE 32 at 18-57. These rules govern requests for *post-judgment* relief. No judgment has been entered in this case and, therefore, any request for relief under these rules at this stage of the litigation is unripe. Rather, the court construes Plaintiff's motion as seeking relief from the court's order at DE 23 pursuant to Rule 60(b).

Rule 60(b) "allows a court to 'relieve a party . . . from a final judgment, order or proceeding' on a limited number of grounds." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing Fed. R. Civ. P. 60(b)). "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Id.* (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). "After a party has crossed this initial threshold, [it] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Dowell*, 993 F.2d at 48).

The court finds sections 60(b)(2) through 60(b)(5) are inapplicable under the circumstances presented here. Rule 60(b)(1) permits relief on a showing of "mistake, inadvertence, surprise, or excusable neglect" and Rule 60(b)(6) is a "catchall" section, which gives a court authority to relieve a party from an order for "any other reason" not articulated in sections (1) through (5), "but only when the movant demonstrates 'extraordinary circumstances.'" *Id.* (quoting *Dowell*, 993 F.2d at 48).

Plaintiff challenges the court's order at DE 23, issued on March 3, 2021, which sustained in part and overruled in part the Plaintiff's objections to the magistrate judge's recommendation to dismiss a portion of the Plaintiff's complaint. In the order, the court ruled, "[b]ecause it is

5

possible that Plaintiff may allege facts supporting additional FOIA claims and/or a NDAA retaliation claim, the court will permit Plaintiff to file an Amended Complaint asserting these (and his original FOIA) claims on or before March 31, 2021." DE 23 at 8. Plaintiff, then, timely filed an Amended Complaint (DE 28), which supersedes the original complaint. *Goodman*, 986 F.3d at 498. Nevertheless, Plaintiff appears to believe that further relief is necessary and asserts the following "clear errors of law," which the court will consider under Rule 60(b)(6).[5] In this respect, the court finds Plaintiff meets the threshold requirement and will proceed to determine whether Plaintiff demonstrates "extraordinary circumstances" justifying relief.

First, Plaintiff contends that the court was "confused" by Plaintiff's requests for relief under Rules 52 and 59; as set forth above, the court finds these rules inapplicable at this early stage of the litigation and, thus, finds no error and no justification for relief. The court notes, however, that the listed claims and allegations asserted in pages 24-29, to the extent the Plaintiff desires to assert them in this litigation, must be asserted in a pleading, <u>not</u> a motion. If he intends to seek recovery for these claims, the Plaintiff must assert them and any underlying allegations in the Second Amended Complaint.

Second, Plaintiff states that the court erred in finding Plaintiff failed to allege he exhausted his administrative remedies necessary to bring a Federal Tort Claims Act claim. Plaintiff points to his objection to the Magistrate Judge's recommendation saying he provided "proof" that he exhausted his administrative remedies. DE 32 at 30. The court is not persuaded; first, Plaintiff does not dispute that he failed to allege in the Complaint or in any document attached to the Complaint, which the court reviewed for adjudication of the recommendation, that he exhausted

---

[5] Plaintiff articulates no "mistake, inadvertence, surprise, or excusable neglect" necessitating relief under Rule 60(b)(1).

administrative remedies. Second, as stated in its order, the court is not obligated to rummage through the record (including more than 300 pages of exhibits) to locate potential claims alleged by the Plaintiff. Third, and importantly for other portions of Plaintiff's motion (including Plaintiff's third assertion of "error"), the fact that his objection and the exhibits filed in support of the objection may not have been filed in "text searchable format" had no effect on the court's adjudication of the Plaintiff's objection to the recommendation. Rather, it is the Plaintiff's burden to allege plausible claims for relief and to identify any supporting documentation or information in the record; vague references to a multiple-page document or to documents filed in a different case, particularly a case in another district, are insufficient.[6]

Fourth, although somewhat difficult to discern, Plaintiff appears to find error in the court's order sustaining his objection that the magistrate judge mistakenly construed the Complaint as alleging a bid protest claim under 28 U.S.C. § 1491. Plaintiff asserts that, although the court sustained the objection, it failed to "address or order the remedy requested by the Plaintiff." DE 32 at 36. Plaintiff points to his request for the appointment of counsel contained in the filing at DE 11; however, such remedy is not available for findings made on objections to a magistrate judge's recommendation. *See* 28 U.S.C. § 636(b)(1).

Fifth, Plaintiff asserts as error the court's finding that, for a potential NDAA claim, "[t]hese allegations fail to identify (1) whether Plaintiff was an employee of the SBA or other federal agency . . . ." DE 23 at 8. Plaintiff is correct; after quoting the statute's applicable subsection[7]

---

[6] Plaintiff's citation to this court's order affirming the proposition that a court may take judicial notice of filings in other cases applies when a copy of such filing has been identified and presented to the court for its consideration. *See* DE 32 at 34.

[7] The relevant subsection provides:

    (a)    Prohibition of reprisals.—

7

and the Plaintiff's allegations, the court made a typographical error in stating, ""[t]hese allegations fail to identify (1) whether Plaintiff was an *employee*" when it meant to state ""[t]hese allegations fail to identify (1) whether Plaintiff was a *contractor* of the SBA or other federal agency." Notably, Plaintiff lists no harm as a result of this error and the court finds none; if he chooses to do so, Plaintiff may remedy this failing by including the necessary information in any NDAA claim Plaintiff may allege in the Second Amended Complaint.

Sixth, the Plaintiff asserts that the court should have been able to discern other missing allegations concerning the NDAA claim if the objection and its exhibits were filed in "text searchable format" (DE 32 at 38) but, again, it is not the court's or any opposing party's duty to search the record for potential claims or allegations; claims and allegations must be asserted in the operative pleading. Plaintiff also takes issue with the court's finding that he failed to allege "the harm [he] suffered by the disclosure of such information" saying this is not an element needed to prove a claim for retaliation. The court disagrees; a plaintiff asserting a retaliation claim must allege an adverse action (from which he suffered harm) taken in response to protected activity. The relevant statute in this case references a discharge, demotion, or other form of adverse action.

---

(1) In general.--An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

41 U.S.C. § 4712(a).

Plaintiff does not dispute that he did not allege in the original Complaint how the DLA's action (a "HUBZone status protest") was "adverse" to him.[8]

With respect to the contentions Plaintiff makes on pages 39-41 of his motion, to the extent the information is relevant and Plaintiff seeks to support his claims with such information, he should include these allegations in the Second Amended Complaint. The same is true with respect to information Plaintiff includes in pages 42-50, which he references as "new evidence." The court finds this information provides him no relief pursuant to Rule 60(b) but, to the extent that it may support his claims for relief, it may be included in the amended pleading.

In sum, Plaintiff fails to demonstrate he is entitled to the relief requested in the motions contained in DE 31 and 32; however, in construing the pro se filings liberally, the court finds certain information may be relevant to and supportive of claims for relief the Plaintiff intends to bring in this action. Accordingly, the motion at DE 31 is DENIED and the motion at DE 32 is GRANTED IN PART AND DENIED IN PART as set forth in this order; the court will permit the Plaintiff to file, on or before September 10, 2021, a Second Amended Complaint as directed herein. The court reminds the Plaintiff that an amended pleading supersedes the previously filed pleading and, thus, the amended pleading should contain all allegations and claims the Plaintiff seeks to bring in this action. Initial screening of this case pursuant to 28 U.S.C. § 1915 is completed. Once the Second Amended Complaint is filed, the Clerk of the Court is directed to provide summonses and copies of the pleading to the United States Marshal for service on the named Defendants.

Moreover, the court notes the Plaintiff's motion for relief with respect to a Notice inadvertently issued in this case on July 21, 2021. Because the court has accepted and adjudicated

---

[8] In the present motion, Plaintiff contends that the status protest was initiated against his business "to remove the Plaintiff's standing to further expose wrongdoing at the DLA." DE 32 at 49. Again, this information should be alleged in a pleading, not in a motion.

9

Plaintiff's motions challenging its April 9, 2021 order in which it accepted the Amended Complaint,[9] the court finds here that initial screening had not completed, and an operative pleading had not been filed, effective July 21, 2021. The ninety-day period for service required by Rule 4(m) of the Federal Rules of Civil Procedure will commence upon the filing of the Second Amended Complaint on or before September 10, 2021 or, if no such pleading is filed, the court will extend the time for service to September 30, 2021 based on the filing of the Amended Complaint (DE 28). In light of this order, Plaintiff's motion (DE 34) is DENIED AS MOOT.

Finally, pursuant to the court's inherent authority to manage its docket, the court orders that Plaintiff file any future requests for relief in the form of a single motion for each request and in accordance with Rule 11 of the Federal Rules of Civil Procedure and all applicable federal and local court rules. Plaintiff is also reminded that he must conduct himself with decorum and show the proper respect for the court and any opposing parties in this litigation.

SO ORDERED this 12th day of August, 2021.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] Because of this acceptance, the court acknowledges any confusion arising therefrom and does not fault the Clerk of the Court for its issuance of the Notice on July 21, 2021.

10

Case 5:20-cv-00363-M   Document 35   Filed 08/12/21   Page 10 of 10